## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **EDWARD BISHOP**<br>**8017 Blue Water Ct**<br>**Denver, NC 28037** | : <br> : <br> : **CIVIL ACTION** <br> : |
| *Plaintiff,* | : <br> : |
| **v.** | : <br> : |
| **1800 N. 5ᵗʰ ST, LLC**<br>**64 North Summit Street, Suite 217**<br>**Tenafly, NJ 07670** | : **No.** <br> : <br> : <br> : |
| *And* | : <br> : |
| **1525 CATHERINE ST, LLC**<br>**64 North Summit Street, Suite 217**<br>**Tenafly, NJ 07670** | : <br> : <br> : <br> : |
| *Defendants.* | : <br> : <br> : |

## COMPLAINT

**AND NOW**, comes the Plaintiff, Edward Bishop, by and through his undersigned counsel, who hereby submits this Complaint in Civil Action, and in support thereof avers as follows:

## PARTIES

1.     Plaintiff Edward Bishop (hereinafter, "Plaintiff") is an adult resident of Denver, North Carolina.

2.     Defendant 1800 N. 5ᵗʰ St., LLC (hereinafter, "1800 N. 5ᵗʰ St.") is a Pennsylvania Limited Liability Company, whose managing member is Keith Alliots, a resident of New Jersey.

3.     Defendant 1525 Catherine St., LLC (hereinafter, "1525 Catherine St.") is a Pennsylvania Limited Liability Company, whose managing member is Keith Alliots, a resident of New Jersey.

**JURISDICTION AND VENUE**

1.      Diversity jurisdiction exists in this matter pursuant to 28 U.S.C. §1332.

2.      The amount in controversy exceeds $75,000 exclusive of interests and costs.

3.      Venue is appropriate in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b)(2), as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within the District.

**FACTUAL ALLEGATIONS**

4.      This action arises out of two separate contractual agreements, wherein Plaintiff agreed to loan Defendant Alliott's companies funds, in exchange for a promise of interest and repayment.

**I.      1800 N. 5th St., LLC**

5.      On July 19, 2021, Plaintiff entered into a contractual agreement with 1800 N. 5th St., LLC (hereinafter, the "5th St. Agreement").  Plaintiff agreed to loan the company $200,000 for the purpose of a construction project located at 1800 N. 5th St., Philadelphia, PA.

6.      1800 N. 5th St. agreed that upon the ultimate sale of the property, whether constructed or unconstructed, Plaintiff would be repaid his $200,000 loan, and that repayment would have priority over any profits to the company, but would be subordinate to any other institutional debt or financing, construction costs, transaction costs, or liens.

7.      1800 N. 5th St. also agreed that from the date the $200,000 loan was received until repayment (either at the time of sale, or sooner), Plaintiff would accrue 15% interest per annum.

8.      Keith Alliotts signed this agreement on behalf of 1800 N. 5th St., as its managing member.

9.      Plaintiff provided 1800 N. 5th St. the agreed upon loan on or about August 18, 2021.

10.     The property located at 1800 N. 5th St., Philadelphia, PA was separated into four (4) units.

11.     The first unit sold on July 7, 2023, for a sale price of $278,350.

12.     The second unit sold on March 3, 2023, for a sale price of $300,000.

13.     The third unit sold on March 24, 2023, for a sale price of $350,000.

14.     The fourth unit sold on April 6, 2023, for a sale price on $370,000.

15.     1800 N. 5th St. paid Plaintiff back approximately $165,000 of the principal of the loan.  Three payments were made: (1) $100,000 on or about December 20, 2023; (2) $50,000 on or about May 28, 2024; and (3) $15,000 on or about April 1, 2026.

16.     As of the filing of this Complaint, Plaintiff is owed in excess of $150,000.

**II.     1525 Catherine St., LLC**

17.     Plaintiff also entered into a similar agreement with 1525 Caterine St., LLC, dated November 8, 2021 (hereinafter, the "Catherine St. Agreement").  Through this agreement, Plaintiff agreed to loan the company $550,000 for the purpose of a construction project located at 1525 Catherine St., Philadelphia, PA.

18.     1525 Catherine St. agreed that upon the ultimate sale of the property, whether constructed or unconstructed, Plaintiff would be repaid his $550,000 loan, and that repayment would have priority over any profits to the company, but would be subordinate to any other institutional debt or financing, construction costs, transaction costs, or liens.

19.     1525 Caterine St. also agreed that from the date the $550,000 loan was received until repayment (either at the time of sale, or sooner), Plaintiff would accrue 15% interest per annum.

20.     Keith Alliotts signed this agreement on behalf of 1525 Catherine St., as its managing member.

21.     Plaintiff wired the entire loan amount on November 22, 2021.

22.     The property located at 1525 Catherine St., Philadelphia, PA was separated into three (3) units.

23.     The first unit sold on April 30, 2025, for a sale price of $512,000.

24.     The second unit sold on June 30, 2025, for a sale price of $325,000.

25.     The third unit sold on October 10, 2025, for a sale price of $545,000.

26.     Prior to the sale of the properties, the three units on Catherine Street were rented, accruing approximately $81,730 in rental income.

27.     Plaintiff received only one payment for the Catherine St. property of $131,000 on April 15, 2022.

28.     As of the filing of this Complaint, Plaintiff is owed an amount in excess of $720,000.

29.     Defendants have represented that this amount was not repaid because the Catherine St. property was an ultimate loss; however, Plaintiff has not been provided with satisfactory paperwork regarding what the nearly $1.5 million in revenue was used to pay.

## CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT
*Plaintiff v. Defendant 1800 N. 5th St.*

30.     Plaintiff incorporates the previous paragraphs.

31.     A cause of action for a breach of contract is established by pleading (1) the existence of a contract, including essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages. *McCausland v. Wagner*, 78 A.3d 1093 (Pa. Super. 2013).

32. On July 19, 2021, Plaintiff entered into a contractual agreement with 1800 N. 5th St., LLC. *See*, **Exhibit A.**

33. Plaintiff fulfilled his obligations under the 5th St. Agreement by transmitting the loan amount of $200,000 on or about August 8, 2021.

34. 1800 N. 5th St. breached the 5th St. Agreement by failing to repay the principal and interest accrued at the time of the sale of the four units located at 1800 N. 5th St., Philadelphia, PA.

35. As a result of this breach, Plaintiff incurred a loss of over $150,000.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff against Defendant 1800 N. 5th St., LLC in an amount more than $50,000 for compensatory damages, together with such other and further relief the Court deems just and appropriate under the circumstances, such as costs, interest, and attorneys' fees.

### COUNT II – BREACH OF CONTRACT
*Plaintiff v. Defendant 1525 Catherine St., LLC*

36. Plaintiff incorporates the previous paragraphs.

37. A cause of action for a breach of contract is established by pleading (1) the existence of a contract, including essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages. *McCausland v. Wagner*, 78 A.3d 1093 (Pa. Super. 2013).

38. On November 8, 2021, Plaintiff entered into a contractual agreement with 1525 Catherine St., LLC. *See*, **Exhibit B.**

39. Plaintiff fulfilled his obligations under the Catherine St. Agreement by transmitting the loan amount of $550,000 on or about November 22, 2021.

40. 1525 Catherine St. breached the 5th St. Agreement by failing to repay the principal and interest accrued at the time of the sale of the four units located at 1525 Catherine St., Philadelphia, PA.

41.     As a result of this breach, Plaintiff incurred a loss of over $720,000.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff against Defendant 1525 Catherine St., LLC in an amount more than $50,000 for compensatory damages, together with such other and further relief the Court deems just and appropriate under the circumstances, such as costs, interest, and attorneys' fees.

## COUNT III – ACCOUNTING
*Plaintiff v. Defendant 1525 Catherine St., LLC*

42.     Plaintiff incorporates the previous paragraphs.

43.     1525 Catherine St., LLC received substantial sums of money through loans from Plaintiff.

44.     Plaintiff provided these funds to Defendant with the expectation and understanding that it would maintain accurate books, records, and accounts reflecting the amounts and dates of expenditures, and any transfers to members, managers, affiliates or third parties.

45.     The financial transactions at issue are numerous and complex, involving information and records exclusively or primarily within Defendant's possession, custody, or control.

46.     Plaintiff lacks access to Defendant's complete financial records and cannot ascertain the full extent of monies received, expended, transferred, repaid, or presently owed without a detailed accounting.

47.     Defendant has failed to produce an adequate accounting for the 1525 Catherine St. project, despite Plaintiff's request.

48.     A confidential and/or fiduciary relationship existed between Plaintiff and Defendant, or alternatively, the circumstances are such that equity requires the imposition of a detailed accounting to determine the amounts properly owed.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court order Defendant 1525 Catherine St., LLC to provide a full and complete accounting of the Catherine St. project.

**VAN DER VEEN, HARTSHORN & LEVIN**

Dated: June 2, 2026                    By: ___*/s/Kaitlin C. McCaffrey*_____

                                             Kaitlin C. McCaffrey
                                             Attorney for Plaintiff